IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERRY SAMUEL LINDSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-1047 |
| | ) | |
| PHIL SHAFFER, Head Counselor; | ) | Judge Joy Flowers Conti |
| RICHARD GIGLIOTTI, Warden; | ) | Magistrate Judge Lisa Pupo Lenihan |
| ART MARX, Deputy Warden | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Jerry Samuel Lindsey ("plaintiff"), an inmate incarcerated at the State Correctional Institution at Graterford, Pennsylvania ("SCI-Graterford"), brings this suit *pro se* under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against three current or former employees of the Butler County Prison ("BCP"): Phil Shaffer ("Shaffer"), Richard Gigliotti ("Gigliotti"), and Art Marx ("Marx" and together with Shaffer and Gigliotti, "defendants"). On August 25, 2008, plaintiff was granted leave to proceed *in forma pauperis*. See Doc. No. 2. Plaintiff alleges that during his detention at BCP, defendants violated his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. Defendants respond that plaintiff's complaint lacks sufficient factual allegations about defendants' personal involvement in any alleged wrongdoing with respect to plaintiff to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

For the reasons stated below, this court will grant defendants' motion *without prejudice*

-1-

with respect to plaintiff's claims of denial of access to the courts and cruel and unusual punishment. Plaintiff will be granted thirty days in which to amend his complaint with respect to these claims. Failure to do so will result in their dismissal with prejudice. Additionally, this court will grant defendants' motion insofar as plaintiff alleges a violation of his right to a fair trial.

I. **FACTUAL AND PROCEDURAL HISTORY**[1]

On July 28, 2008, plaintiff filed a complaint with this court pursuant to 42 U.S.C. § 1983. In the complaint, plaintiff alleged that from July 24, 2007, to November 15, 2007, while he was housed in the "J-Block" of BCP, he was subjected to overcrowded conditions and forced to sleep on the floor for two weeks. Compl. (Doc. No. 3) at 2. Plaintiff complained about inadequate toilet facilities – specifically, that twenty-three men had access to only one toilet and sink among them. Id. Plaintiff alleged that at night in order to be escorted to the toilet he would be forced to wait in excess of one hour for a guard to make his rounds. Id.

Plaintiff alleges that he filed an institutional grievance regarding the above-mentioned conditions.[2] Id. On an unidentified date following the filing of that grievance, plaintiff

---

[1] This summary is based upon plaintiff's factual allegations in the complaint.

[2] The grievance itself is not included in the record, nor is any formal record of the grievance's final disposition. Plaintiff, however, avers in his complaint that he was informed that "all sex changes are to be housed on 'J' block" and that there was nothing that could be done with respect to his complaints at that time. See Compl. (Doc. No. 3), at 23. This reference to "sex changes," is the only mention of the phrase "sex change" in his filings, and there is no explanation why the phrase is relevant.

encountered defendants Gigliotti and Marx, and asked them if they had received it.[3]  Defendants Gigliotti and Marx informed plaintiff that they would "get back to [him]."  Id.

Plaintiff alleged in his original complaint that he was prevented from accessing a law library from July 24, 2007 to February 13, 2008.  Id.  Plaintiff related that, in order to do legal research at BCP, he was required to make written requests for specific law books.  Id.  Plaintiff stated that he was attempting to prepare for trial, and that he did not know which books he needed.  Id. at 2-3.  Plaintiff attempted to obtain help from his counselor, and from the head counselor, defendant Shaffer.  Id.  Plaintiff avers that he was told by defendant Shaffer that there was no law library at BCP, and that plaintiff "had to try to find someone to help [him] with [his] legal problems."  Id.

Defendants filed their motion to dismiss plaintiff's suit on January 22, 2009.  See Def.s' Mot. to Dismiss (Doc. No. 13).  On February 20, 2009, plaintiff filed a motion for leave to file an amended complaint, correcting some minor misspellings of defendants's names in the original pleading.  See Doc. No 16.  On the same date, plaintiff filed a "Memorandum of Complaint," (Doc. No. 18),  which was a response to the arguments made by defendants' in support of their motion to dismiss.  In a text order dated February 23, 2009, plaintiff was granted leave to amend the complaint insofar as it corrected the spelling of defendants' names.  Plaintiff, however, was cautioned that his "Memorandum of Complaint" would not be viewed as an amendment to his original complaint, because it raised completely new issues which must first be exhausted through the institutional grievance process.

---

[3]Plaintiff refers to the defendants in the complaint by their titles: warden and deputy warden.  Compl. at 2.

On April 1, 2009, plaintiff filed a "Motion for Leave to File An Amended" [*sic*] (Doc. No. 19), which this court considers to be an amendment to plaintiff's original complaint. This motion, which was unopposed by defendants, was granted on April 24, 2009.

In the amendment to his complaint, plaintiff restated his allegations that BCP was over crowded, that he was forced to sleep on the floor for two weeks, that the toilet facilities in his cellblock were inadequate, and that he did not have access to adequate legal research materials. Doc. No. 19 at 1-2. Plaintiff also categorized his claims under three legal theories. First, plaintiff claimed entitlement to relief under the First Amendment right to "[p]etition the [g]overnment for [a] redress of grievances."[4] Id. at 1. Second, plaintiff claimed entitlement to relief under the Eighth Amendment with respect to overcrowding at BCP, being forced to sleep on the floor, and his cellblock's inadequate toilet facilities. Id. Third, plaintiff alleged that his inadequate access to legal research materials at BCP was a violation of due process under the Fourteenth Amendment. Id. at 1-2.

## II. STANDARD OF REVIEW

When adjudicating a 12(b)(6) motion, this court must dismiss a complaint that does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[H]eightened fact pleading of specifics," however, is not required. Id. at 570. There must be "factual allegations . . . enough to raise a right to relief above the speculative level." Id. at 555. The Court has made it clear that the requirement that

---

[4]Plaintiff does not explicitly tie this theory to any facts stated in the original complaint (Doc. No. 3), or in his amendment (Doc. No. 19).

pleadings must be facially plausible, as expressed in Twombley, applies to all civil suits in the federal courts.  See Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

In considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all factual allegations of the complaint, and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff.  See Angelastro v. Prudential-Bache Sec, Inc., 764 F.2d 939, 944 (3d Cir. 1985).  A court, however, need not accept inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint.  See California Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004).  Legal conclusions set forth as factual allegations need not be accepted.  See Twombly, 550 U.S. at 555.  It is improper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged."  Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

The United States Court of Appeals for the Third Circuit has recently held that, when entertaining a motion to dismiss pursuant to Rule 12(b)(6), a district court should apply a two-part test in order to determine whether a pleading's recitation of facts is sufficient to survive the motion.  See Fowler v. UPMC Shadyside, No. 07-4285, 2009 WL 2501662 (3d Cir. Aug. 18, 2009).  "First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  Id. at *5 (citing Iqbal, 129 S.Ct. at 1949).  "Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'"  Fowler, 2009 WL 2501662, at *5 (quoting Iqbal, 129 S.Ct. at

1950).

A court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. See Haines v. Kerner, 404 U.S. 519, 520 (1972). In a § 1983 action, the court must liberally construe a *pro se* litigant's pleadings and "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d. Cir. 1999)). "'Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.'" Higgins, 293 F.3d at 688 (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)).

The United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint – regardless whether the plaintiff requests to do so – when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). Providing an opportunity to amend is appropriate.

### III. ANALYSIS

Plaintiff's complaint asserts liability against defendants pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. The plaintiff must set forth factual allegations that: 1) the alleged misconduct was committed by a person acting under color of state law; and 2) as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by*

Daniels v. Williams, 474 U.S. 327, 330-31 (1986).  In considering defendants' motion to dismiss, this court will examine plaintiff's pleadings to determine whether he has alleged facts sufficient to satisfy these threshold requirements

Applying the Court of Appeals for the Third Circuit's two-prong test set forth in Fowler, this court first separates the factual and legal elements of plaintiff's pleadings.  Doc. Nos. 3 and 19.  Plaintiff makes factual allegations that BCP was overcrowded and he was forced to sleep on the floor for two weeks, and that the toilet facilities on his cellblock were inadequate.  Doc. No. 3 at 2; Doc. No. 19 at 1.  Plaintiff also alleges that defendants Gigliotti and Marx were aware of these conditions,  through the administrative grievance process and through direct verbal communication with plaintiff.  Doc. No. 3 at 2.  Plaintiff makes the legal conclusion that these conditions constituted cruel and unusual punishment, and as such, violated his rights under the Eighth Amendment to the United States Constitution.  Doc. No. 19 at 1.

Plaintiff alleges he was denied access to an adequate law library and help performing legal research at BCP.  Doc. No. 3 at 2-3; Doc. No. 19 at 1-2.  He alleges that defendant Shaffer informed him that there was no law library at BCP, and that plaintiff would need "to try to find someone to help with [him] with [his] his legal problems."  Doc. No. 3 at 2.  Plaintiff makes the legal conclusion that the aforementioned circumstances denied him his rights under the Fourteenth Amendment.  Doc. No. 19 at 1.  In essence, plaintiff is asserting he was denied the right of access to the courts.  Plaintiff argues, without explicit reference to any supporting facts, that he was denied his First Amendment right to petition the government for redress of grievances.  Id.  This alternate legal theory appears to support plaintiff's claim that he was denied

access to the courts.[5]

Plaintiff's statements with respect to the availability of legal research materials at BCP could be construed to be an allegation of interference by defendants with his right to a fair trial. While plaintiff does not explicitly advance this legal theory, this court will address it under the liberal standards with which a *pro se* civil rights complaint must be treated.  See Higgins, 293 F.3d at 688.

Defendants argue that plaintiff's complaint contains insufficient factual allegations to survive a 12(b)(6) motion.[6]

    A.  Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment guarantees that prison officials must provide humane conditions of confinement.  Prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable measures to guarantee the safety of the inmates."  Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).

In order to establish a prima facie case that a prison official's actions violated the Eighth Amendment's prohibition against cruel and unusual punishment, an inmate must show two elements.  First, a prisoner must show that the condition, either alone or in combination with

---

[5]This interpretation finds support in Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 741 (1983), in which the Court explicitly recognized that "the right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances." (citing California Motor Transp. Co. v. Trucking Unlimited, 404 U.S. 508, 510(1972)).

[6]Defendants' motion to dismiss was filed before plaintiff filed the amendment to his complaint, but the magistrate judge noted that the motion to dismiss would be treated as applying to the plaintiff's amendment as well as his original complaint.  Order (text) entered April 24, 2009.

other conditions, deprived him of "the minimal civilized measure of life's necessities," or at least a "single, identifiable human need."  Wilson v. Seiter, 501 U.S. 294 (1991) (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  The Supreme Court has explained that the first showing requires the court to determine objectively whether the deprivation of the basic human need was "sufficiently serious."

> [E]xtreme deprivations are required to make out a conditions-of-confinement claim.  Because routine discomfort is "part of the penalty that criminal offenders pay for their offenses against society," . . . "only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation."

Hudson v. McMillan, 503 U.S. 1, 9 (1992) (citations omitted).

Second, an inmate must demonstrate deliberate indifference to prison conditions on the part of prison officials.  Farmer, 511 U.S. at 833; Wilson, 501 U.S. at 297; Rhodes, 452 U.S. at 347.  The second prong requires a court to determine, subjectively, whether the officials acted with a sufficiently culpable state of mind.  Farmer, 511 U.S. at 833.  "'[O]nly the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'"  Id. at 834 (quoting Wilson, 501 U.S. at 297).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. . . .  The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments."

Id. at 838.  Furthermore, "prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause."  Id. at 845.  A prison official may be held liable under

the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.

In this case, plaintiff's allegations are sufficient to satisfy the first element, that he was deprived of "'the minimal civilized measure of life's necessities.'" Hudson, 503 U.S. at 9. Plaintiff's factual allegations, although somewhat laconic, contain details about the inadequacies of the toilet facilities on his cellblock at BCP. He alleges that only one toilet was available for twenty-three men, which arguably is sufficient to pled a denial of a single, identifiable human need. See Wilson, 501 U.S. at 304. Plaintiff, however, failed to set forth factual allegation sufficient to meet the second element, i.e., deliberate indifference on the part of defendants. Plaintiff's complaint states that defendants Gigliotti and Marx were aware of his grievance regarding conditions at BCP and that they said the would "get back to [him]." Doc. No. 3 at 2. These allegations are not sufficient to implicate deliberate indifference about plaintiff's complaints, which is required in order to show that defendants possessed the culpable state of mind requisite. With respect to defendant Shaffer, plaintiff failed to allege that Shaffer had any knowledge of these conditions at BCP, much less the required deliberate indifference. Plaintiff's complaint, as amended, does not allege any facts that implicate defendant Shaffer in an Eighth Amendment violation.

As noted, a plaintiff in a civil rights case must be given the opportunity to amend a deficient complaint, unless that opportunity would be inequitable or futile. See Fletcher-Harlee Corp., 482 F.3d at 251. Defendants do not argue that an opportunity would be futile or inequitable. As such, this court dismisses plaintiff's claims arising under the Eighth Amendment

without prejudice. Plaintiff shall be given thirty days from the date of this memorandum opinion to file an appropriately amended complaint that pleads facts that are consistent with the Supreme Court's holdings in Wilson, 501 U.S. at 297, and Farmer, 511 U.S. at 838.

B. Access to the Courts

The right of access to the courts is guaranteed by the First Amendment of the United States Constitution.[7] In Bounds v. Smith, 430 U.S. 817 (1977), the United States Supreme Court held "that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828. In Lewis v. Casey, 518 U.S. 343 (1996), the Supreme Court held that Bounds did not recognize an independent right for prisoners to have an adequate law library; instead, it concerned the established right of access to the courts. Lewis, 518 U.S. at 351. The Court in Lewis held that, in order to challenge a denial of the right of access to the courts, it is not enough for an inmate to establish that the law library provided was inadequate or he was denied access either to the law library or to legal materials; rather, he must establish that inadequacies in the library or in accessing legal materials caused him actual harm.

---

[7] At various times the Supreme Court has grounded the right of access to the courts in "the Article IV Privileges and Immunities Clause, . . . the First Amendment Petition Clause, . . .the Fifth Amendment Due Process Clause, . . . and the Fourteenth Amendment Equal Protection, ... and Due Process Clauses . . ." Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002) (internal citations omitted). The Court has made clear that, regardless of the underlying constitutional basis for the right of access to the courts, certain conditions, such as the identification of a "'nonfrivolous,' 'arguable' underlying claim," must be met in order to proceed with an action based on its denial. Id. (quoting Lewis v. Casey, 518 U.S. 343, 353 (1996)).

In Christopher v. Harbury, 536 U.S. 403 (2002), the Supreme Court set forth specific criteria that a court must consider when determining whether a plaintiff has alleged a viable claim of denial of the right to access to the courts. The Supreme Court held that a party must identify all the following in the complaint: 1) a nonfrivolous, underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense, but that is not otherwise available in a future suit. Christopher, 536 U.S. at 415.

The Court explained that the first requirement mandated that the plaintiff specifically state in the complaint the underlying claim in accordance with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure to the same degree as if the underlying claim was being independently pursued. Id. at 417. The statement must be sufficiently specific to ensure that the district court can ascertain that the claim is not frivolous and that the "the 'arguable' nature of the underlying claim is more than hope." Id. The second requirement requires that a plaintiff must clearly allege in the complaint the official acts that frustrated the underlying litigation. Third, a plaintiff must specifically identify a remedy that may be awarded as recompense in a denial-of-access case that would not be available in any other future litigation. Id. at 414. This final requirement is important in order "to hedge against the risk that an access claim be tried all the way through, only to find that the court can award no remedy that the plaintiff could not have been awarded on a presently existing claim." Id. at 416.

Here, plaintiff failed to identify any legal action he was unable to pursue as a result of defendants' alleged actions. Plaintiff did not clearly allege a remedy that may be awarded as

recompense, but that is not otherwise available in a future suit.[8]

Plaintiff did not allege any connection between defendants and any official acts that frustrated his as-yet-unnamed litigation. Shaffer is alleged only to have informed plaintiff that BCP lacked a law library, and that plaintiff would need to find someone to help him with his legal problems on his own. No facts are stated connecting defendants Gigliotti and Marx to the alleged denial of access. Plaintiff's complaint, as amended, is deficient under the standards for factual pleading set forth by the Supreme Court in Twombly, 550 U.S. at 570, and Iqbal, 129 S.Ct. at 1950, as recognized by the Third Circuit Court of Appeals in Fowler, 2009 WL 2501662, at *5.

As this court determined in section III.A, supra, of this memorandum opinion, there is nothing in the record, or argued by defendants, that would indicate that granting plaintiff leave to amend his complaint would be futile or inequitable. Defendants' motion to dismiss shall be granted without prejudice with respect to the denial of access claim. Plaintiff shall be given thirty days from the filing of this memorandum opinion to file an appropriate amended complaint comporting with the directives of the Supreme Court in Christopher and Fowler.

C. Right to Fair Trial

Plaintiff alleges that, during his incarceration at BCP, he needed to prepare "[him]self for court for the charges that put [him] into jail." Doc. No. 3 at 2. When read in conjunction with the entirety of the complaint, this could be seen as an allegation that defendants' conduct,

---

[8]Plaintiff specifies that he seeks compensatory and punitive damages from defendants. Doc. No. 3 at 3. Without knowledge of the claim underlying his argument of denial of access to the courts, it is impossible for this court to determine whether those damages satisfy the third prong.

presumably with respect to failing allegedly to provide plaintiff with adequate legal research materials, interfered with plaintiffs' right to a fair trial.  Despite plaintiff not explicitly making this claim (and failing to make the factual allegations necessary to support such a claim under Fowler), the liberal standards governing *pro se* pleadings oblige this court to address this issue. See Higgins, 293 F.3d at 688.

      To the extent that plaintiff's § 1983 action alleges that defendants' actions interfered with his right to a fair trial, plaintiff's claims are governed by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the petitioner was convicted of voluntary manslaughter for killing his wife.  While his direct appeal was pending in the state courts, Heck filed a suit under 42 U.S.C. § 1983 against the prosecutors in his criminal action and various members of the state police department.  The complaint alleged that the defendants had engaged in an unlawful investigation and had knowingly destroyed exculpatory evidence.  Heck sought compensatory and punitive damages, but did not seek injunctive relief or release from custody. After reviewing its origin and history, the Court determined that the civil rights law was not meant to provide a means for collaterally challenging the validity of a conviction through the pursuit of money damages.  In so concluding, the Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  **Thus, when a state prisoner seeks**

> **damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.** But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted) (original emphasis omitted; emphasis added).

In this case, plaintiff requests only monetary damages, and not any form of injunctive relief or release. Doc. No. 3 at 3. The complaint indicates that plaintiff appealed his conviction, but there is no indication in the record that his conviction was overturned, expunged, declared invalid, or called into question. In order to adjudicate whether defendants' actions at BCP interfered with plaintiff's right to a fair trial, this court would be forced to question the validity of plaintiff's conviction in state court. Plaintiff's claims, to the extent that they allege that defendants' actions impeded his right to a fair trial, are not cognizable. Heck, 512 U.S. at 486-87. Additionally, it appears from the record that, under the Supreme Court's holding in Heck, any amendment to plaintiff's complaint with respect to a potential claim of interference of right to fair trial would be futile at this point in time. Accordingly, plaintiff's claims, only insofar as they allege defendants' actions interfered with his right to fair trial, are dismissed.

## IV. CONCLUSION

For the reasons set forth within, with respect to plaintiff's claims of cruel and unusual punishment and denial of access to the courts, defendants' motion to dismiss pursuant to Rule

12(b)(6) will be granted.  Insofar as plaintiff's complaint can be read to allege a denial of the right to a fair trial, defendants' Motion to Dismiss will be granted.

Plaintiff will be given thirty days to amend his complaint with respect to his claims of cruel and unusual punishment and denial of access to the courts.

By the court,

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge

Dated: September 10, 2009

cc:     Jerry Samuel Lindsey
        HK-9488
        SCI-Graterford
        PO Box 246
        Graterford, PA 19426-0444