IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERRY SAMUEL LINDSEY, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>PHIL SHAFFER, Head Counselor; )<br>RICHARD GIGLIOTTI, Warden; )<br>ART MARX, Deputy Warden )<br> )<br>Defendants. ) | Civil Action No. 08-1047<br><br>District Judge Joy Flowers Conti<br>Magistrate Judge Lisa Pupo Lenihan |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that Defendants' Motion for Summary Judgment (doc. no. 30) be granted.

## II. REPORT

Plaintiff, Jerry Samuel Lindsey, has brought the instant action pursuant to the Civil Rights Act, 42 U.S.C. § 1983, against three current and/or former employees of Butler County Prison: Phil Shaffer, Richard Gigliotti, and Art Marx. In his original complaint, Plaintiff alleged that from July 24, 2007, to November 15, 2007, while he was housed in the "J-Block" of BCP, he was subjected to overcrowded conditions, and forced to sleep on the floor for two weeks (doc. no. 3, p.2). Plaintiff also complained of inadequate toilet facilities - specifically, that twenty-three men had access to only one toilet and sink between them. In addition, Plaintiff alleged that, at night he would be forced to wait in excess of one hour for a guard to make his rounds, in order to be escorted to the toilet. Plaintiff further alleged in his original complaint that he was prevented from accessing a law library from July 24, 2007 to February 13, 2008. He claimed that, in order to do legal research at BCP, he

was required to make written requests for specific law books. He complained that he was attempting to prepare for trial and he did not know which books he needed. When he attempted to get help from his counselor he was told by Defendant Shaffer that there was no law library at BCP, and that Plaintiff had to try to find someone to help him with his legal problems.

In his Amended Complaint Plaintiff avers that his First, Sixth, Eighth and Fourteenth Amendments rights were violated, (1) Access to the courts; (2) Denial of a Fair and Impartial Adversary Process; (3) The Infliction of Cruel and Unusual Punishment by the threat of force with a deadly weapon; and (4) The Denial of Due Process of Law (doc. no. 25). The Amended Complaint alleges that Plaintiff was subjected to cruel and unusual punishment by the threat of force to inflict serious bodily injury with a deadly weapon, by Defendants, Gigliotti and Marx. His Complaint alleges that he was forced to sleep on the floor in excess of six or seven weeks, the longest continuous period was for two weeks; that he was forced to use a single lavatory with 23 other individuals; and that he was told by Defendant Shaffer: "that there was no law library, and I would have to find someone to help me with my legal problems." The Affidavit of Plaintiff in support of his amended Complaint avers that Gigliotti and Marx came on a tour of the facility, had knowledge of the conditions and did nothing to remedy them. He additionally avers that he was subjected to the whim of the correctional officers to relieve his bodily functions and on occasion had to wait for more than an hour to relieve his bodily functions. These occasions accrued mainly on the night shift. The Affidavit further states that while being held at the Butler County Prison he was subjected to sleeping on the floor in excess of six or seven weeks, that Gigliotti and Marx knew this fact and the fact that 23 individuals had to use a single lavatory; and that Defendant Schaffer told Plaintiff that there was no law library and that he would have to find someone to help with his legal

problems and that the entire time Plaintiff was held at the prison, he was never given access to legal materials so he could prepare his defense for trial and or defend against charges that he was accused of.

### D. Liability under 42 U.S.C. § 1983

Plaintiff seeks to assert liability against Defendants pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986). The discussion below shows that Plaintiff's allegations do not show a constitutional violation.[1]

### E. First Amendment

Plaintiff asserts that Defendants violated his rights as protected by the First Amendment by denying him access to the courts. The right of access to the courts is guaranteed by the First Amendment of the United States Constitution. In Bounds v. Smith, 430 U.S. 817 (1977), the United States Supreme Court held "that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 828. However, in Lewis v. Casey, 518 U.S. 343 (1996), the Supreme Court effectively repudiated much of its prior holding in Bounds. In Lewis, the Supreme Court held that Bounds did

---

1. Because Plaintiff's allegations fail to state a claim upon which relief may be granted, the court may dismiss the claims without first requiring the exhaustion of administrative remedies as provided for under 42 U.S.C. § 1997e(c)(2).

not recognize an independent right in prisoners to have an adequate law library; instead, it concerned the established right of access to the courts. Lewis 518 U.S. at 351. Thus, the Lewis Court held that, in order to successfully challenge a denial of this right of access to the courts, it is not enough for an inmate to establish that the law library provided was inadequate or he was denied access either to the law library or to legal materials; rather, he must establish that such inadequacies in the library or in accessing legal materials caused him actual harm.

In Christopher v. Harbury, 536 U.S. 403 (2002), the Supreme Court set forth specific criteria that a court must consider in determining whether a plaintiff has alleged a viable claim of right to access to the courts. Specifically, the Supreme Court held that, in order to state a claim for denial of access to courts, a party must identify all of the following in the complaint: 1) a non-frivolous, underlying claim: 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. Christopher, 536 U.S. at 415.

The Court explained that the first requirement mandated that the plaintiff specifically state in the complaint the underlying claim in accordance with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure to the same degree as if the underlying claim was being pursued independently. Christopher, 536 U.S. at 417. In this regard, the statement must be sufficiently specific to ensure that the district court can ascertain that the claim is not frivolous and that the "the 'arguable' nature of the underlying claim is more than hope." *Id*. The second requirement requires a Plaintiff to clearly allege in the Complaint the official acts that frustrated the underlying litigation. Third, a Plaintiff must specifically identify a remedy that may be awarded as recompense in a denial-of-access case that would not be available in any other future litigation. *Id*. at 414.

Here, Plaintiff has failed to identify any legal action he was unable to pursue as a result of Defendant's alleged actions. Nor has he alleged a remedy that may be awarded as recompense but that is not otherwise available in a future suit. Thus, Plaintiff has failed to state a claim upon which relief may be granted with respect to his First Amendment right of access to the courts.

F. Sixth Amendment

Next, Plaintiff seeks to impose liability under the Sixth Amendment, which provides as follows:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor; and to have the Assistance of Counsel for his defense.

U.S. Const. amend. VI.

The Sixth Amendment, by its very language, applies only to criminal prosecutions. Even assuming Plaintiff is trying to raise a Sixth Amendment claim in this action, such claim is barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477 (1994) wherein the Supreme Court determined that the civil rights law was not meant to provide a means for collaterally challenging the validity of a conviction through the pursuit of money damages. Thus, Plaintiff has failed to state a claim upon which relief may be granted with respect to his Sixth Amendment rights.

G. Eighth Amendment

Plaintiff also asserts liability under the Eighth Amendment, which provides as follows.

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. Const. amend. VIII.

The Eighth Amendment protects individuals against the infliction of "cruel and unusual punishments." This protection, enforced against the states through the Fourteenth Amendment, guarantees incarcerated persons humane conditions of confinement. In this regard, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).

Notwithstanding, not every injury raises constitutional concerns. A prison official violates the Eighth Amendment only when two requirements are met. The inmate must show that: 1) he suffered a risk of "serious" harm; and 2) prison officials showed "deliberate indifference" to such risk. Farmer, 511 U.S. at 834. The first element is satisfied when the alleged "punishment" is "objectively sufficiently serious." *Id*. In determining whether a prisoner has alleged a risk that is objectively serious, a court must consider not only the seriousness of the potential harm and the likelihood that the harm will actually occur, but evidence that unwilling exposure to that risk violates contemporary standards of decency. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate. Helling v. McKinney, 509 U.S. 25, 35 (1993).

The second criterion, deliberate indifference, requires an inmate to show that the prison official had a sufficiently culpable state of mind. The Supreme Court clarified this deliberate indifference standard in Farmer as follows.

> We reject petitioner's invitation to adopt an objective
> test for deliberate indifference. We hold instead that
> a prison official cannot be found liable under the
> Eighth Amendment for denying an inmate humane

> conditions of confinement <u>unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference</u>. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. . . . But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Farmer, 511 U.S. at 837-838 (emphasis added).

While the Eighth Amendment requires prison officials to provide adequate nutrition to convicted prisoner, only extreme deprivations state a violation of the Eighth Amendment. Hudson v. McMillan, 503 U.S. 1, 8-9 (1992). The conditions presenting the risk must be "sure or very likely to cause serious illness and needless suffering," and give rise to "sufficiently imminent dangers." Helling v. McKinney, 509 U.S. 25, 33, 34-35 (1993). In order to prevail on such a claim there must be a "substantial risk of serious harm," an "objectively intolerable risk of harm" that prevents prison officials from pleading that they were "subjectively blameless for purposes of the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 842, 846, and n. 9 (1994).

Unfortunately, prison overcrowding is not uncommon. In several unpublished decisions, the district courts of this circuit have found that temporarily forcing inmates to sleep on the floor with a mattress is not, by itself, enough to run contrary to the protections of the Eighth Amendment. *See, e.g.*, Renn v. Taylor, Civil No. 99-765-SLR, 2001 WL 657591 (D. Del. Mar. 2, 2001); Dickinson

v. Taylor, Civil No. 98-695-GMS, 2000 WL 1728363 (D. Del. May 19, 2000); Jackson v. Brewington-Carr, Civil No. 97-270-JJF, 1999 WL 27124 (D. Del. Jan. 15, 1999); Randall v. City of Philadelphia, Civil No. 86-6300, 1987 WL 14383 (E.D. Pa. July 22, 1987); Huttick v. Philadelphia Prison System, Civil No. 86-3714, 1986 WL 10558 (E.D. Pa. Sept. 18, 1986).

The Court of Appeals for the Third Circuit has addressed this practice in the context of a Fourteenth Amendment claim. In Hubbard v. Taylor, 538 F.3d 229 (3d Cir. 2008), the Court held that requiring pretrial detainees to sleep on a mattress on the floor in a cell holding three inmates for three to seven months did not constitute punishment in violation of the Fourteenth Amendment.

In this case, Plaintiff invokes the Eighth Amendment, but it is not clear that he was a convicted prisoner at the relevant time period; he may have been a pretrial detainee. For pretrial detainees, conditions of confinement claims are considered under the due process clause of the Fourteenth Amendment, rather than the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 (1979). Because a suit under the Eighth Amendment requires proof of greater deprivation than under the Fourteenth Amendment, Hubbard compels the conclusion that Plaintiff cannot establish a serious deprivation of his most basic human needs. Consequently, Plaintiff has failed to state a claim upon which relief may be granted with respect to his rights as protected under the Eighth Amendment concerning his allegation that he was required to sleep on a mattress on the floor for several two week periods. The same is true with respect to his allegations that he was required to wait up to one hour to use the toilet facilities. *See, e.g.*, Gryga v. Montgomery County Correctional Facility, Civil No. 2:10-77, 2010 WL 1730827, 1 (E.D. Pa. April 28, 2010) (holding that allegations that prisoner was housed in a cell with 40 inmates and one toilet, that he was placed in a four man cell, and that he was placed in temporary housing in the gym with 52 other inmates with one toilet

to share, did not demonstrate "extreme deprivations of life's necessities" such as to state an Eighth Amendment claim). Thus, Plaintiff has failed to state a claim upon which relief may be granted with regard to his cell amenity related conditions of confinement claims.

### H. Fourteenth Amendment

Plaintiff's final claim alleges a violation of the Fourteenth Amendment, which provides as follows.

> Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV, §1.

It is unclear how Plaintiff's allegations assert a violation of his rights under the Fourteenth Amendment unless Plaintiff was a pre-trial detainee during the relevant time period. If so, Plaintiff's claims invoke the protections of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520 (1979).

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process, we think that the proper inquiry is whether those conditions amount to punishment prior to an adjudication of guilt in accordance with law. For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law.

*Id.* at 535 (citations omitted).

In Bell, the Supreme Court announced the following test for determining whether the conditions of confinement for pre-trial detainees violated the Fourteenth Amendment.

> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on whether an alternative purpose to which the restriction may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned to it. Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal-if it is arbitrary or purposeless-a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees. Courts must be mindful that these inquiries spring from constitutional requirements and that judicial answers to them must reflect that fact rather than a court's idea of how best to operate a detention facility.

Bell v. Wolfish, 441 U.S. at 538-539 (internal quotations and citations omitted).

As stated above, the Court of Appeals for the Third Circuit recently determined that requiring pretrial detainees to sleep on a mattress on the floor of their cells for a period of three to seven months did not violate their Fourteenth Amendment due process rights. Hubbard, 538 F.3d at 236. Consequently, Plaintiff has failed to state a claim upon which relief may be granted as to his rights under the Fourteenth Amendment.

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that Defendants' Motion for Summary Judgment (doc. no. 30) be granted.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B) & (C)] and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen days from the date on which the objections

are served to file its response. A party's failure to file timely objections may constitute a waiver of that party's appellate rights.

                                                  Lisa Pupo Lenihan
                                                  U.S. Magistrate Judge

Dated: July 12, 2010

cc:     Jerry Samuel Lindsey
        Department of Veterans Affairs
        Medical Center
        1700 South Lincoln Avenue
        Lebanon, PA 17042